UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEMETRIUS RENALDO BOWERS,**

v.  Case No. 8:17-cv-1301-T-35TGW
 8:12-cr-550-T-35TGW

**UNITED STATES OF AMERICA**
_____/

**O R D E R**

This cause comes before the Court on Petitioner Demetrius Renaldo Bowers' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Amended Motion to Vacate Judgment, and Motion for a New Trial. Civ. Docs. 1, 3, 7, and 26. The United States opposes the relief sought in these motions, and Bowers has replied. *Id.* at 13, 16, 17, 31, and 34. For the reasons stated herein, Bowers is not entitled to relief.

**I.  Background**

Bowers was charged by way of a superseding indictment with eight counts of robbery, in violation of 18 U.S.C. Section 1951(a), and eight counts of brandishing a firearm during and in relation to those robberies, in violation of 18 U.S.C. Section 924(c)(1)(A)(ii). Bowers pleaded not guilty, and with the assistance of appointed counsel, he moved to sever the sixteen counts into eight separate trials, one for each charged robbery. The Court denied the severance motion as untimely and as meritless, finding that joinder of the charges was proper and that any potential prejudice could be cured with proper jury instructions. *United States v. Bowers*, 8:12-cr-550-T-30TGW, 2013 WL 2708869 (M.D. Fla. June 11, 2013).

Before trial commenced, the Court permitted appointed counsel to withdraw at Bowers' request. Bowers proceeded to trial *pro se*, but with previously-appointed counsel serving as stand-by counsel. At the close of the United States' evidence, Bowers moved for a judgment of acquittal arguing that the United States failed to present sufficient evidence to identify him as the perpetrator of all eight robberies. The Court deferred ruling on the motion. The jury found Bowers guilty on all sixteen counts.

The Court then re-appointed counsel to assist Bowers in renewing his motion for a judgment of acquittal and moving for a new trial. The Court ultimately denied both motions, finding there was sufficient evidence from which a reasonable jury could find Bowers guilty beyond a reasonable doubt.

At sentencing, Bowers moved to declare unconstitutional Section 924(c)'s mandatory minimum sentencing requirement and the applicable sentencing guidelines. The Court denied the motion and sentenced Bowers to consecutive terms of imprisonment of 140 months for the robberies and a minimum mandatory 182 years for the firearms violations.

Bowers appealed his convictions and sentence with the assistance of appointed counsel. He argued that the Court erred in denying his motions to sever the charged counts, in denying his motions for a judgment of acquittal based on insufficient evidence, and in failing to find section 924(c) unconstitutional. After oral argument, the Eleventh Circuit of Appeals affirmed Bowers' convictions and sentence. *United States v. Bowers*, 811 F.3d 412 (11th Cir. 2016). The U.S. Supreme Court later denied Bowers' petition for writ of certiorari.

Bowers timely filed *pro se* a Section 2255 motion, asserting fourteen grounds for relief, including claims of ineffective assistance of counsel at all stages of his prosecution and violations of his due process rights. Subsequently, the Court appointed post-conviction counsel to address the applicability of *Carpenter v. United States*, 138 S. Ct. 2206, 2220–21 (2018), to Bowers' case. Relying on *Carpenter*, Bowers filed an Amended Motion to Vacate Judgment and Motion for a New Trial, arguing that the United States violated his constitutional rights when it obtained cell-site location information ("CSLI") without a warrant. The United States opposes the relief sought in these motions.

## II. Bowers' Section 2255 Motion

In his *pro se* Section 2255 motion, Bower argues that his convictions and sentence should be vacated because of ineffective assistance of counsel and violations of his due process rights. He raises the following fourteen grounds for relief:

**Ground One:** Ineffective assistance of appellate counsel for failing to challenge the admission of evidence under Rule 404(b), Federal Rules of Evidence.

**Ground Two:** Ineffective assistance of appellate counsel for failing to challenge effectively the Court's denial of the pre-trial severance motion and the admission of Rule 404(b) evidence.

**Ground Three:** That Bowers' due process rights were violated by the improper admission of Rule 404(b) evidence.

**Ground Four:** Ineffective assistance of pre-trial counsel for failing to challenge timely the joinder of the charged counts, which lead to the improper admission of Rule 404(b) evidence.

**Ground Five:** Ineffective assistance of post-conviction counsel for failing to challenge the admission of Rule 404(b) evidence.

**Ground Six:** Ineffective assistance of appellate counsel for failing to challenge the admission of Rule 404(b) evidence.

**Ground Seven:** That Bowers' due process rights were violated because Hobbs Act robbery does not constitute a crime of violence for the purposes of 18 U.S.C. Section 924(c), under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

**Ground Eight:** That the Court lacked jurisdiction because there was no required interstate commerce nexus and therefore Bowers is actually and factually innocent.

**Ground Nine:** Ineffective assistance of pre-trial and stand-by counsel for failing to put the United States' case to an adversarial testing.

**Ground Ten:** Ineffective assistance of appellate counsel for failing to challenge the United States' reference to inadmissible Rule 404(b) evidence in its arguments to the jury.

**Ground Eleven:** Ineffective assistance of appellate counsel for failing to challenge the United States' discovery violations.

**Ground Twelve:** Ineffective assistance of appellate counsel for failing to challenge the admissibility of cell phone evidence.

**Ground Thirteen:** That Bowers' due process rights were violated when the United States referenced inadmissible Rule 404(b) evidence in its arguments to the jury.

**Ground Fourteen:** That Bowers' due process rights were violated when the United States committed discovery violations.

**A.     Grounds One through Six, Ten, and Thirteen**

In Grounds One through Six, Ten, and Thirteen, Bowers claims that, at all stages of his prosecution, his counsel was ineffective in failing to object to the admission of evidence under Rule 404(b) and that his due process rights were violated by the admission of such evidence. Buried within these claims, Bowers also challenges the sufficiency of the evidence and the Court's denial of his severance motion. In each of these Grounds, Bowers generally makes the same argument: that the sixteen counts should have been severed into eight separate trials, one for each robbery, and that

prejudice resulted from the jointly tried counts because of the impermissible cumulation of evidence and jury confusion.

These claims fail for two reasons.  First, the United States did not offer any Rule 404(b) evidence at trial.  Rather, the United States offered evidence of the eight robberies as charged in the superseding indictment.  Rule 404(b) does not bar the admission of evidence of the charged crime itself.  *United States v. Aybar*, 446 F. App'x 221, 225 (11th Cir. 2011) ("Rule [404(b)] does not bar the admission of evidence of the charged criminal conduct at issue during the trial.") (citing *United States v. Lane*, 323 F.3d 568, 579 (7th Cir. 2003) ("Rule 404(b) is inapplicable where the 'bad acts' alleged are really direct evidence of an essential part of the crime charged.")).  Accordingly, Bowers cannot prevail on his claims that counsel was ineffective by failing to challenge Rule 404(b) evidence, or that his due process rights were violated, because the United States offered no such evidence.

Second, these claims fail because they were previously resolved on direct appeal. Bowers appealed his convictions and sentence by arguing that the Court erred in three ways: (1) by denying his motion to sever the charged counts; (2) denying his motions for a judgment of acquittal based on insufficient evidence; and (3) by applying section 924(c)'s mandatory sentencing provisions.  In affirming Bowers' convictions and sentence, the Eleventh Circuit ruled that the Court did not err in denying the severance motion because Bowers failed to "demonstrate that he suffered compelling prejudice from the joinder of claims." *Bowers*, 811 F.3d at 424.  The Eleventh Circuit also affirmed the denial of Bowers' motions for a judgment of acquittal, concluding that "[t]he totality of the

identity evidence presented . . . [was] sufficient to convict Bowers on all sixteen counts." *Id.* at 430.[1]

"Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation omitted). Simply recasting an issue with an ineffective assistance of counsel label does not permit a petitioner to re-open the claim. *See id*; *see also United States v. Rowan*, 663 F.2d 1034 (11th Cir. 1981) ("[The Court] is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal."). Because the Eleventh Circuit thoroughly reviewed and resolved Bowers' challenges to the Court's denial of his severance motion and to the sufficiency of the evidence, these claims are barred by prior resolution and require no further review.

### B. Grounds Eight, Eleven, Twelve, and Fourteen

Grounds Eight, Eleven, Twelve, and Fourteen are procedurally defaulted because Bowers did not raise them on direct appeal. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). In other words, the defendant may not use this collateral attack as "a surrogate for a direct appeal." *Id.* at 1232. The exceptions to the procedural-default rule are "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). "In procedural default cases, the question is not

---

[1] The Eleventh Circuit also affirmed Bowers' 182-year sentence, finding that it was "not grossly disproportionate to the offending conduct" and therefore did not violate the Eighth Amendment. *Id.* at 433.

whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Lynn*, 365 F.3d at 1235.

### 1. Ground Eight

In Ground Eight, Bowers summarily argues that the Court lacked jurisdiction because there was no required interstate commerce nexus and therefore he is actually and factually innocent. Although this claim was available to Bowers, he did not raise it on direct appeal. Bowers stipulated at trial that the businesses he robbed were "engaged in interstate commerce, and that the natural consequences of the acts alleged in the Indictment would have resulted in the delay, interruption, or otherwise cause an adverse affect on interstate commerce[.]" Crim. Doc. 80. Bowers fails to argue—must less establish—the cause and prejudice or the miscarriage of justice that would excuse his procedural default of this claim. Accordingly, Bowers is not entitled to relief on Ground Eight.

### 2. Grounds Eleven and Fourteen

In Grounds Eleven and Fourteen, Bowers asserts related claims that appellate counsel was ineffective for failing to challenge the United States' discovery violations, including the non-disclosure of witnesses and evidence (Ground Eleven), and that such non-disclosure violated his due process rights (Ground Fourteen). Bowers argues that the United States failed to disclose the name of the Amscot employee who was subpoenaed for his phone number. Buried within these arguments, Bowers also claims that the United States withheld from him the existence of a tracking device until days before trial. Bowers summarily argues that a proper investigation might have revealed

exculpatory evidence or lead to the suppression of inculpatory evidence. Although these claims were available to Bowers, he did not raise them on direct appeal.

"Ineffective assistance of counsel may satisfy the cause exception to a procedural bar. In order to do so, however, the claim of ineffective assistance must have merit." *Nyhuis*, 211 F.3d at 1344. To determine whether counsel was ineffective for failing to raise certain issues on appeal, the Court must examine the merits of the issues the defendant alleges his counsel was derelict in not raising. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988). Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Id.* (quotations omitted).

Bowers' complaints about the United States' discovery violations are purely speculative. Indeed, Bowers merely suggests that "[h]ad the Government not withheld this information it's possible the investigation could have lead to the suppression of [inculpatory evidence]," or could have revealed "possibly exculpatory evidence." Civ. Doc. 7 at 35. He speculates that "it's possible" that his phone number "was obtained through illegal means." *Id.* at 34. A petitioner "is not entitled to habeas relief when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citations omitted). Furthermore, Bowers fails to identify any objective factor that prevented him from raising these claims on appeal. *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (citation omitted) ("The 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct.") Accordingly, because Bowers has not established the cause and

prejudice or the miscarriage of justice that would excuse his procedural default of these claims, he is not entitled to relief on Grounds Eleven or Fourteen.

### 3. Ground Twelve

In Ground Twelve, Bowers alleges that appellate counsel was ineffective for failing to challenge the admission of the cell tower evidence because it was highly prejudicial to his defense. He argues that the cell tower evidence was improper propensity evidence because it allowed the jury to infer his guilt by the mere presence of his cell phone at the robberies. Although this claim was available to Bowers, he did not raise it on direct appeal. *Bowers*, 811 F.3d at 418, n.2 (noting that "Bowers [did] not challenge the admissibility of the cell phone evidence regarding the time and location of his calls"). Instead, Bowers challenged the sufficiency of the evidence, arguing that the cell phone tower evidence was insufficient to link him to the robberies. The Eleventh Circuit rejected that argument, noting that, "[a]s should be clear, this is not a case where the jury was presented with simply a suspicious correlation between cell tower hits and robbery locations." *Id.* at 427, n.9. After thoroughly reviewing the evidence linking Bowers to the robberies, including DNA evidence, witness descriptions, the cell phone hit evidence, Bowers' own inculpatory statements, and the brick paver used by the perpetrator, the Eleventh Circuit concluded that "[n]o one piece of evidence . . . [was] dispositive[,]" but rather, the evidence in total was sufficient to identify Bowers as committing the eight robberies. *Id.* at 428.

A petitioner may show cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984). "In contrast, a claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the

claim were available to counsel." *United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (citations omitted). Bowers' appellate counsel strategically chose to challenge the cell tower evidence, not as improper propensity evidence, but as insufficient to link Bowers to the eight robberies. That choice "falls far short of meeting [the] rigorous standard" of demonstrating cause for a procedural default. *Smith v. Murray*, 477 U.S. 527, 535–36 (1986) ("This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."). Bowers has not established the cause and prejudice or the miscarriage of justice that would excuse his procedural default of this claim; thus, he is not entitled to relief on Ground Twelve.

    **C.    Ground Seven**

In Ground Seven, Bowers claims that his convictions under 18 U.S.C. Section 924(c) violated due process because Hobbs Act robbery does not qualify as a crime of violence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Contrary to Bowers' assertion, however, under binding Eleventh Circuit precedent post-*Johnson*, "Hobbs Act robbery . . . clearly qualifie[s] as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)" because the elements of Hobbs Act robbery include "the use, attempted use, or threatened use of physical force against the person or property of another." *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *see also In re Irizarry*, 2020 U.S. App. LEXIS, at *9 (11th Cir. June 10, 2020) (reaffirming that "substantive Hobbs Act robbery is a crime of violence" under § 924(c)(3)(A)); *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) (same)). Accordingly, Bowers' reliance on *Johnson* is misplaced, and he is not entitled to relief on Ground Seven.

### D. Ground Nine

In Ground Nine, Bowers asserts that pre-trial and stand-by trial counsel failed to put the United States' case to an adversarial testing.  Buried within Ground Nine are twelve complaints regarding counsel's pre-trial and stand-by trial representation: (1) counsel failed to move to sever counts or challenge the admissibility of Rule 404(b) evidence; [2] (2) counsel failed to move in limine to exclude the "altered hat DNA evidence;" (3) counsel failed to move in limine to exclude the "alleged cell tower ping evidence;" (4) counsel failed to move in limine to exclude the "brick that [was] suppose[d] to [be] similar to the brick used in counts five and six;" (5) counsel failed to investigate store video surveillance of "the area where the altered hat was allegedly discovered which could have been exculpatory evidence;" (6) counsel failed to investigate the victims and investigating officers; (7) counsel failed to obtain the names of the Amscot employees and to investigate the circumstances under which Bowers' financial records and cell phone number were obtained; (8) counsel failed to investigate the signatures on the Amscot forms; (9) counsel failed to obtain a DNA expert and cell tower expert; (10) counsel failed to move in limine to exclude "the three Amscot forms;" (11) counsel failed to investigate store video surveillance "to see who was using that E.B.T. card in Petitioner's name;" and (12) counsel failed to investigate an alleged conflict of interest and should not have withdrawn from Bowers' case.

---

[2] As explained herein, any claims based on the failure to challenge the admission of Rule 404(b) evidence fail because the United States offered no such evidence.

### 1. Standard for Ineffective Assistance of Counsel Claims

To succeed on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating performance, the Court must apply a "strong presumption" that counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Ci. 1995) (*en banc*) (citations omitted).

To establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). A petitioner demonstrates prejudice only when he establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 2004).

### 2. Pre-trial Representation

#### a. Attorney Howard Anderson

Bowers' only allegation directly aimed at attorney Howard Anderson is that he should not have moved to withdraw from Bowers' case (Ground Nine—12).  However, after Bowers pleaded not guilty, the undisputed record reflects that a conflict of interest arose with the Federal Public Defender's Office that required Mr. Anderson to withdraw. Civ. Doc. 13, Ex. C, Aff. of Howard Anderson.  The Court appointed attorney Kevin Beck to represent Bowers, and Mr. Anderson forwarded all discovery, research, investigation, and work product to Mr. Beck.  *Id.*  Bowers has not argued or shown how Mr. Anderson's withdrawal due to a conflict of interest amounted to deficient performance or that his withdrawal prejudiced Bowers. Accordingly, Bowers' vague and conclusory claim that Mr. Anderson failed to put the United States' case to an adversarial testing lacks merit.

#### b. Attorney Kevin Beck

Likewise, Bowers has not demonstrated that Mr. Beck's pre-trial representation, which began after Mr. Anderson withdrew and concluded approximately one week before trial, was deficient or prejudiced him. The record refutes Bowers' complaint that counsel failed to move to sever the counts into separate trials for each robbery (Ground Nine—1).  Mr. Beck, in fact, filed a motion to sever "at the insistence of Mr. Bowers after a number of discussions wherein the Petitioner was advised that the Motion would not be successful." Civ. Doc. 13, Ex. B. Aff. of Kevin Beck. The Court denied the motion as untimely and because joinder was proper. *United States v. Bowers*, 8:12-cr-550-T-30TGW, 2013 WL 2708869 (M.D. Fla. June 11, 2013).  The Eleventh Circuit affirmed that ruling on appeal.  *Bowers*, 811 F.3d at 424.

Counsel's unsuccessful motion to sever does not constitute ineffective assistance. "The mere fact that counsel was unsuccessful in making certain arguments, does not, without more, direct a finding that counsel's performance was constitutionally deficient." *United States v. Walker*, No. 3:08-cr-87, 2015 WL 4389939, at *8 (N.D. Fla. July 15, 2015); *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010) ("The fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel"). Indeed, Bowers does not suggest what more counsel could have argued to support severance of the charged counts.

Furthermore, Bowers' complaints that pre-trial counsel failed to investigate witnesses and facts, to move to exclude certain evidence, and to obtain experts (Ground Nine—2 though 11) lack merit. The decision whether to present a line of defense, or even to investigate it, is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course was unreasonable. *Hardwick v. Crosby*, 320 F.3d 1127, 1162 n.146 (11th Cir. 2003). "[N]o absolute duty exists to investigate particular facts or a certain line of defense" so long as the decision to conduct or not conduct an investigation is reasonable. *Chandler*, 218 F.3d at 1317. Counsel is not "required to 'pursue every path until it bears fruit or until all hope withers.'" *Williams v. Head*, 185 F.3d 384, 387 (11th Cir. 1994). Furthermore, "[a] decision to limit investigation is 'accorded a strong presumption of reasonableness.'" *Mills v. Singletary*, 63 F.3d 999, 1021 (11th Cir. 1995) (citations omitted). Bowers offers nothing more than mere speculation and conclusory allegations to support these complaints. *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985) ("[S]peculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation."). Furthermore,

Bowers fails to demonstrate how further investigation would have resulted in a different outcome and has not identified any prejudice he suffered.

### 3. Stand-by Trial Representation: Attorney Kevin Beck

Bowers ultimately proceeded *pro se* at trial, with the assistance of Mr. Beck as stand-by counsel. After the jury returned guilty verdicts, the Court reappointed Mr. Beck to assist Bowers in filing post-trial motions. Contrary to Bowers' vague and conclusory assertion that counsel failed to put the United States' case to an adversarial testing, Mr. Beck challenged the circumstantial evidence offered by the United States.

For example, Mr. Beck argued that that the "modus operandi [for each robbery] was far from similar" and that the forms of disguise and number of perpetrators "varied in nearly every instance." Crim. Doc. 92 at 2. Mr. Beck also argued that "[d]espite having possession of the defendant's phone and phone records," the United States produced no witness that called or texted Bowers' cellphone. *Id.* at 10. Mr. Beck further argued that there was nothing unique or distinctive about the robberies, that the physical descriptions of the perpetrator were inconsistent, and that purely circumstantial evidence merely placed "the defendant in the realm of possible suspects," leaving room for reasonable doubt. *Id.* at 18. Again, the fact that these arguments were ultimately unsuccessful does not prove that counsel was ineffective. *Ward*, 592 F.3d at 1164. Bowers does not suggest what more counsel could have argued to support the motions for a judgment of acquittal or for new trial.

In sum, Bowers' generalized claim that pre-trial and stand-by trial counsel failed to put the United States' case to an adversarial testing lacks merit. It is vague, conclusory, and contradicted by the record. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

This is not one of those "few and far between" cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel. *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994).

Furthermore, the Court has construed Bowers' *pro se* filings more liberally than if they were filed by counsel. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, any new arguments or allegations raised for the first time in Bowers' reply brief are not properly before the Court, and therefore, do not provide grounds for relief. *Enriques v. United States*, 416 F. App'x 849, 850 (11th Cir. 2011) ("Although *pro se* pleadings are construed more liberally than those filed by counsel, . . . issues not argued by a *pro se* litigant in his initial brief are deemed waived."). Accordingly, any of Bowers' *pro se* allegations not specifically addressed herein are not properly before the Court or are without merit.

### III. Bowers' Amended Motion to Vacate and for a New Trial

After Bowers filed *pro se* his Section 2255 motion, he filed an amended motion to vacate his convictions and sentence and for a new trial, with the assistance of appointed post-conviction counsel. Relying on *Carpenter v. United States*, 138 S. Ct. 2206 (2018), Bowers argues that the United States violated his constitutional rights when it obtained his CSLI without a warrant. Bowers urges the Court to vacate the judgment and sentence, order the suppression of the CSLI evidence, and order a new trial.

In *Carpenter*, the Supreme Court held that "[t]he Government's acquisition of [CSLI] [is] a search within the meaning of the Fourth Amendment," and therefore, "the Government must generally obtain a warrant supported by probable cause before acquiring such records." 138 S. Ct. at 2220–21. "The Supreme Court, however, has not

held that *Carpenter* is retroactively applicable to cases on collateral review, nor does any combination of cases necessarily dictate its retroactivity." *In re Symonette*, 2019 U.S. App. LEXIS 20428, at *4 (11th Cir. July 9, 2019) (ruling that a Section 2255 petitioner could not rely on *Carpenter* as a new rule of constitutional law in order to file a second or successive petition). Accordingly, Bowers is not entitled to relief under *Carpenter*.

Furthermore, even if *Carpenter* applied retroactively, Bowers is not entitled to relief because the United States obtained the CSLI pursuant to court order in 2012, in compliance with the Stored Communications Act ("SCA"), 18 U.S.C. Section 2703(d). Civ. Doc. 31, Ex. A. The Eleventh Circuit has held that compliance with the SCA in obtaining an order to compel CSLI that predates *Carpenter* triggers the good faith exception to the warrant requirement. *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018). Bowers has not presented any argument or evidence to suggest that the United States did not act in good faith in obtaining the court order. Accordingly, because the United States obtained Bowers' CSLI by court order in compliance with the SCA, the good faith exception to the warrant requirement applies, and Bowers constitutional rights were not violated. Likewise, Bowers is not entitled to a new trial.

## IV. Need for Evidentiary Hearing

A district court deciding a Section 2255 motion may "order . . . its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003) (quoting 28 U.S.C. § 2255). No hearing is required when the record establishes that a Section 2255 claim lacks merit, *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted,

*McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Bowers has not established the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (*en banc*).

**V.     Conclusion**

Accordingly, Bowers' *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Amended Motion to Vacate Judgment, and Motion for a New Trial (Civ. Docs. 1 and 26) are **DENIED**. The **CLERK** is directed to enter a judgment against Bowers, to **CLOSE** this case, and to enter a copy of this order in the criminal action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Bowers is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Bowers must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Bowers has not shown that reasonable jurists would debate either the merits of the claims or the procedural issues. Accordingly, a certificate of appealability is

**DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Bowers must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, this 15th day of July, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE